**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BEATRIZ and RODRIGO CISNEROS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-42-R** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY** | ) | |
| **COMPANY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court is Plaintiffs' Renewed Motion to Remand [Doc. No. 55], which is fully briefed [Doc. Nos. 71, 73] and at issue.

Plaintiffs argue that the Supreme Court's recent decision in *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. ___, 146 S. Ct. 724 (2026), warrants remanding this action to state court. In *Hain Celestial*, 146 S. Ct. at 728, the Supreme Court considered "whether a district court's erroneous dismissal of a nondiverse party before final judgment can cure a jurisdictional defect that existed when the case was removed to federal court." The Supreme Court answered the question in the negative, concluding the district's court's final judgment must be vacated. *Id.* Notably, *Hain Celestial* did not evaluate whether the district court's improper joinder decision was or was not correct. *Id.* at 730.

*Hain Celestial* did not address the fraudulent joinder standard and does not provide a basis for reconsidering the Court's prior order denying remand. *See Skidmore v. Schinke,* No. 25-1436, 2026 WL 860093, at *3 (4th Cir. Mar. 30, 2026) (noting that the Fourth

1

Circuit's fraudulent joinder standard remains good law even after *Hain Celestial*).[1] As to

Plaintiffs belief that *Hain Celestial* counsels in favor of remand because it recognizes the

risk of a post-merits reversal for lack of subject matter jurisdiction, that

> possible problem would appear to exist in every federal case, particularly where jurisdiction is questioned. But district courts often have to make difficult decisions. The district courts are not free to limit federal jurisdiction to avoid error.

*Tresco, Inc. v. Cont'l Cas. Co.*, 727 F. Supp. 2d 1243, 1252 n.5 (D.N.M. 2010). In any

event, the Tenth Circuit already takes a strict approach to fraudulent joinder which accords

with the presumption against removal jurisdiction, *see, e.g., Dutcher v. Matheson,* 733 F.3d

980, 988 (10th Cir. 2013), and which this Court applied in denying remand.

Plaintiffs make two additional arguments in re-urging their request for remand,

neither of which is persuasive. First, they point to other cases involving similar claims

where the district court granted remand and/or the state court denied a motion to dismiss.

But the issue here is whether the nondiverse defendant in this case is fraudulently joined,

not whether there is a possibly viable claim against a different defendant in a different case.

Further, although the allegations in many of these cases are similar, they are not always

identical. *See Wilder v. State Farm Fire & Cas. Co.*, No. CIV-25-00092-JD, 2025 WL

2918045, at *6 (W.D. Okla. Oct. 14, 2025) (denying remand and recognizing "a notable

difference" between the allegations in different cases). Here, for the reasons explained in

---

[1] *See also Waller v. State Farm*, No. 25-CV-00448-SH, 2026 WL 880234, at *6 (N.D. Okla. Mar. 30, 2026) (denying remand post-*Hain Celestial* in a case with materially similar allegations); *Robbins v. State Farm,* No. CIV-25-324-G, 2026 WL 878449, at *6 (W.D. Okla. Mar. 30, 2026) (same); *Schettler v. State Farm Fire & Cas. Co.*, CIV-25-845-JD (W.D. Okla. Apr. 6, 2026).

the Court's prior orders, see Doc. Nos. 24, 30, Plaintiffs' own allegations and the other material in the record established that the nondiverse defendant was fraudulently joined.

Second, Plaintiffs argue that remand is warranted because they lacked "crucial evidence" during the initial briefing cycle on their motion to remand that undermines the Court's prior finding of fraudulent joinder. The "crucial evidence" is State Farm's denial letter stating that roof had "minor wind damage" and its condition was consistent with the roof's "age, granular loss and deterioration." Putting aside the fact that the denial letter *was* available during the initial briefing cycle, the issues raised by the letter have already been considered and rejected by the Court. The disagreement between State Farm and Plaintiffs about the cause or extent of the roof damage does not, based on the allegations in this case, provide a basis for asserting a claim against the nondiverse agent. *See Wilder*, 2025 WL 2918045, at *6 ("Plaintiff's damages stem from State Farm's calculation of the repairs to her property, not from Plaintiff's lack of coverage related to the above alleged misrepresentations.").

Plaintiffs have not shown that reconsideration of these issues is appropriate or that the action should be remanded for a lack of subject matter jurisdiction. Plaintiffs' Renewed Motion to Remand [Doc. No. 55] is therefore DENIED.

IT IS SO ORDERED this 21st day of April, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

3