**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BEATRIZ and RODRIGO CISNEROS,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. CIV-25-42-R** |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is Defendant State Farm's Motion for Entry of Protective Order [Doc. No. 78], to which Plaintiffs responded in opposition [Doc. No. 80].

Under Federal Rule of Civil Procedure 26(c)(1)(G), a "court may, for good cause, issue an order to protect a party ... [by] requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Protective orders designating and limiting the disclosure of certain materials have practically become "standard practice in complex cases." *United Nuclear Corp. v. Cranford Ins. Co*., 905 F.2d 1424, 1427 (10th Cir. 1990). The benefit of a protective order limiting the use and disclosure of confidential materials is that they "allow the parties to make full disclosure in discovery without fear of public access to sensitive information." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990). The party seeking the order must make a "threshold showing of good cause to believe that discovery will involve confidential or protected information." *Gillard v. Boulder Valley Sch. Dist. Re.-2*, 196 F.R.D. 382, 386 (D. Colo. 2000). Rule 26

confers broad authority on the trial court to determine when a protective authority is appropriate and the "safeguards that should attend the[] disclosure" of trade secret or confidential information. *Centurion Indus., Inc. v. Warren Steurer & Assocs*., 665 F.2d 323, 326 (10th Cir. 1981).

Here, the Court finds good cause for the entry of a protective order. Plaintiffs seek extensive discovery into State Farm's internal business strategies, finances, policies, procedures, and personnel. It is apparent that the materials sought will contain proprietary, trade secret, or other confidential information. Additionally, the Court finds that State Farm's proposed protective order adequately limits the supplying party's right to designate documents as confidential and provides an appropriate mechanism to challenge the designation. *See Barlow v. State Farm,* CIV-25-44-R (W.D. Okla. May 12, 2026) (entering materially similar protective order over Plaintiffs' objection).

Accordingly, State Farm's Motion for Entry of Protective Order [Doc. No. 78] is GRANTED. The protective order filed at Doc. No. 78-1 will be entered separately.

IT IS SO ORDERED this 3rd day of June, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**